**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DEREK LICHTENWALTER,**

    **Petitioner,**

    **v.**

**WARDEN, BELMONT**
**CORRECTIONAL INSTITUTION,**

    **Respondent.**

        **CASE NO. 2:20-CV-1559**
        **JUDGE EDMUND A. SARGUS, JR.**
        **Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

On March 5, 2021, the Magistrate Judge issued a Report and Recommendation recommending that the petition for a writ of habeas corpus be dismissed. (Doc. 71.) Petitioner and Respondent have filed Objections to the Magistrate Judge's Report and Recommendation and Order. (Docs. 72, 73.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's and Respondent's Objections (Docs. 72, 73) are **OVERRULED.** The Report and Recommendation (Doc. 71) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

Petitioner seeks release from incarceration based on the impact of the COVID-19 pandemic. Petitioner asserts that his continued incarceration violates the Eighth Amendment because he is at high risk of death from COVID-19 and prison officials have acted with deliberate indifference by requiring him to sleep and eat close proximity to approximately 120 other inmates, failing to implement adequate social distancing or wear masks, failing to conduct testing on inmates with mild symptoms or no symptoms, failing to perform contact tracing or require exposed inmates to quarantine. (*See Declaration of Petitioner Derek Lichtenwalter*, Doc.

72-1, PAGEID # 1892-94.)  Petitioner states that he is HIV positive with a compromised immune system and suffers from latent tuberculosis and hypertension with a history of a partially collapsed lung.

Petitioner objects to the recommended dismissal of this action on the merits.  He maintains that evidence will show that the Belmont Correctional Institution has failed to implement or follow appropriate guidance and procedures to minimize impact of COVID-19 and its direct impact on Petitioner's health.  He seeks an evidentiary hearing to further develop the factual basis for this claim.  Petitioner has attached, *inter alia*, photographs depicting the lack of social distancing and appropriate mask wearing at the prison and a copy of prison grievances he has filed.  (Doc. 72-1, PAGEID # 1904-42.)

Interestingly, Respondent also objects to the recommended dismissal of this action.  Respondent again argues that Petitioner's claim cannot properly be considered in a habeas corpus proceeding under 28 U.S.C. § 2254 or § 2241.  Respondent maintains that the Sixth Circuit's decision in *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) ("[W]here a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement.") (citations omitted) does not apply, because *Wilson* involved a federal prisoner, and Petitioner is incarcerated on state criminal convictions.  Respondent also argues that Petitioner seeks temporary release and has failed to exhaust the prison's grievance procedure.  Alternatively, Respondent objects to the purported failure to appropriately apply a deferential standard of review under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and consideration of any evidence not presented to the Ohio Supreme Court in state habeas corpus proceedings as barred by *Cullen v. Pinholster*, 563 U.S. 170 (2011).

This Court has rejected Respondent's argument that a state prisoner seeking immediate release as constitutionally invalid based on impact of COVID-19 cannot pursue such a claim in habeas corpus proceedings. *See Wyckoff v. Warden, Belmont Corr. Inst*., No. 2:20-CV-5580, 2021 WL 931554, at *1-2 (S.D. Ohio Mar. 11, 2021), *report and recommendation adopted,* 2021 WL 2633085 (S.D. Ohio June 25, 2021) (citing *Horner v. Warden, Belmont Corr. Inst*., No. 2:20-cv-6118, 2021 WL 540057, at *1 (S.D. Ohio Jan. 8, 2021) ("Where the petitioner requests immediate release from confinement, his claim may properly be addressed in a petition for a writ of habeas corpus.") (citations omitted); *Aultman v. Shoop*, No. 2:20-cv-3304, 2020 WL 4287535, at *1 (S.D. Ohio July 27, 2020) (Plaintiff's request for immediate release from custody fails to state a claim under 42 U.S.C. § 1983 and must be brought under the provision of 28 U.S.C. § 2241) (citing Wilson, 961 F.3d at 838); *Gerald v. Warden, Lebanon Corr. Inst*., No. 1:20-cv-603, 2020 WL 8370958, at * 2 (S.D. Ohio Aug. 27, 2020) (concluding that state prisoners' COVID-19 claims may properly be brought under the provision of 28 U.S.C. § 2241) (citing *Van Diver v. Nagy*, No. 20-11340, 2020 WL 4696598, at *2 (E.D. Mich. Aug. 13, 2020) (other citations omitted)). Other federal district courts in the Sixth Circuit likewise have rejected Respondent's argument. *See Blackburn v. Noble*, 479 F.Supp.3d 531, 538 (E.D. Ky. 2020) (the provision of 28 U.S.C. § 2241 provides avenue of relief for state prisoners seeking immediate release based on COVID-19) (citing *Wilson*, 961 F.3d at 838; *Malam v. Adducci*, 452 F.Supp.3d 643, 649 (E.D. Mich. 2020)). For those same reasons, the Court again rejects Respondent's argument here.

Further, exhaustion does not preclude this Court's dismissal of Petitioner's claim on the merits. 28 U.S.C. § 2254(b)(2); *see Cameron v. Bouchard,* 815 F. App'x 978, 983 n.1 (6th Cir. 2020) (declining to address non-jurisdictional procedural issues where claim fails on the merits).

[T]he failure to exhaust does not divest this Court of jurisdiction over their petition. *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000). A federal habeas

> court may consider unexhausted claims where "'unusual' or 'exceptional' circumstances" exist. *Id*. (quoting *O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996) (citing *Granberry v. Greer*, 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987))). As other Courts have observed, the current pandemic is an unusual or exceptional circumstance that could allow a federal court to consider the matter at hand. *Cameron v. Bouchard*, 462 F.Supp.3d 746, 768–69 (E.D. Mich. 2020).

*Blackburn v. Noble*, 479 F.Supp.3d 531, 539–40 (E.D. Ky. 2020).

Moreover, the record now indicates that, as of April 28, 2021, Petitioner has been fully vaccinated for COVID-19. (Doc. 83, PAGEID #1987.) As of May 11, 2021, over 95% of Ohio's prison population has been offered the COVID-19 vaccine. (*Affidavit of Jennifer Sanders*, Doc. 78-1, PAGEID # 1972.) "The majority of incarcerated individuals who have not been vaccinated, have refused." (*Id*.) Approximately half of the prison population at the Belmont Correctional Institution, where Petitioner is housed, have received at least the first dose of the COVID-19 vaccine. (*Id.*, PAGEID # 1973.) Under these circumstances, Petitioner's Eighth Amendment claim fails.

The Petitioner must establish that he is at high risk for complications from COVID-19 in order to obtain relief. *See Horner*, 2021 WL 931481, at *4 (citing *Sow v. Adducci*, No. 2:20-CV-2140, 2020 WL 3000425, at *3 (S.D. Ohio June 4, 2020), *report and recommendation adopted*, 2020 WL 3415110 (S.D. Ohio June 22, 2020) (citing *Fofana v. Albence*, No. 20-10869, 2020 WL 1873307, at *10 (E.D. Mich. Apr. 15, 2020)); *Prieto Refunjol*, 461 F.Supp.3d 675, 710 (S.D. Ohio 2020)). He cannot now do so here, because he has been fully vaccinated for the COVID-19 virus. The Centers for Disease Control and Prevention ("CDC") indicates that the COVID-19 vaccines have been shown to reduce the risk of getting sick with COVID-19 by 94% for fully vaccinated persons. See https://www.cdc.gov/media/releases/2021/p0514-covid-19-vaccine-effectiveness.html. Thus, Petitioner cannot establish that he is at high risk for serious complications or death from COVID-19.

Additionally, in order "[t]o succeed on an Eighth Amendment claim for deliberate indifference to serious medical needs, a [petitioner] must prove more than mere negligence on behalf of prison authorities." *Blackburn v. Noble*, 479 F.Supp.3d 511, 539-40 (E.D. Ky. 2020) (citing *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994)); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The inmate must show that prison officials knew of and disregarded an excessive risk. *Smith v. DeWine*, 476 F.Supp.3d 635, 661 (S.D. Ohio 2020) (citing *Farmer v. Brennan,* 511 U.S. at 834, 837-38 (1994)). Thus, prison officials who know of "a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk[.]" *Wilson v. Williams*, 961 F.3d 829, 840 (citing *Farmer*, at 844). Petitioner likewise cannot meet this requirement. The record indicates that prison officials have acted reasonably by offering the COVID-19 vaccine to more than 95% of Ohio's prison population.

For these reasons, and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's and Respondent's Objections (Docs. 72, 73) are **OVERRULED**. The Report and Recommendationr (Doc. 71) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 576 U.S.1071, ——, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). A state prisoner incarcerated pursuant to a state conviction who seeks habeas relief under § 2241 likewise must obtain a certificate of appealability. *See Settle v. Parris*, No. 20-5734, 2020 WL 7706393, at *2

(6th Cir. Nov. 12, 2020) (citing *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 370 (6th Cir. 2001)).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of this action. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED**.

s/Edmund A. Sargus, Jr. 6/30/2021
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**